UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **CLIFFORD ANDREW JONES,** | CIVIL ACTION NO. 6:23-22-KKC |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **KILOLO KIJAKAZI,** | |
| **Acting Commissioner of Social Security Administration,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

Plaintiff Clifford Jones brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

Jones was 39 at the time of the hearing before the ALJ. (Administrative Record ("AR") at 248). In denying Jones' claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Jones has not engaged in substantial gainful activity since March 31, 2018. (AR at 227.)

At step two, the ALJ determined that Jones suffers from the severe impairments of axonal neuropathy and sensory polyneuropathy of both lower extremities, degenerative disc disease of the lumbar spine, residual effects of trans-metatarsal amputation of right fourth and fifth toes, history of surgical repair of torn left knee meniscus and partially torn left patellar tendon, history of torn right knee meniscus, history of arthroscopic shoulder surgeries, and morbid obesity. (AR at 227-28.)

At step three, the ALJ found that Jones does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 229.)

Before proceeding to step four, the ALJ determined that Jones has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with certain qualifications. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. 404.1567(a). Sedentary work "is defined as one which involves sitting," with walking and standing required only occasionally. *Id*. The ALJ found the following qualifications to Jones's ability to perform sedentary work:

- he can occasionally climb stairs and ramps, but cannot climb ropes, ladders or scaffolds;
- he can never balance;
- no fast moving, narrow, slippery surfaces;
- he can occasionally stoop but never kneel, crouch or crawl;
- he can never operate foot controls or reach overhead;
- he can frequently handle and finger with the right upper extremity;

2

- he can never be exposed to temperature extremes, humidity, weather, wetness or concentrated atmospheric conditions like dust, fumes, noxious odors, gases, or poor ventilation, vibration or workplace hazards like dangerous, moving machinery, unprotected heights or commercial driving.

(AR at 229.)

At step four, the ALJ determined that Jones is unable to perform any past relevant work. (AR at 233.)

At step five, the ALJ determined that, considering the RFC described above and Jones's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Jones can perform and, thus, he is not disabled. (AR at 234.)

Jones makes three arguments for why this Court should reverse the ALJ's decision. First, he argues that the ALJ improperly determined that he could "frequently handle and finger with the right upper extremity." Jones argues that, in making this assessment, the ALJ failed to appropriately consider his carpal tunnel syndrome, neuropathy, and his difficulty using both arms after shoulder surgeries.

The ALJ considered all these conditions in her determination. She found no objective medical evidence that corroborated the diagnosis of carpal tunnel syndrome. (AR at 231.) Jones cites no such evidence in his motion. As to his neuropathy, the ALJ found that Jones's neuropathy and polyneuropathy of his *lower* extremities constituted a severe impairment. (AR at 227.) The ALJ specifically noted that there were no nerve conduction studies showing neuropathy of the hands. (AR at 231.) Jones points to no evidence supporting neuropathy of the hands. Finally, as to Jones's difficulty using his arms after shoulder surgery, the ALJ noted that various treatment providers had found he had normal movement of his extremities, no limitations of movement, and normal results from examinations of both upper extremities. Further, the ALJ

3

noted that the medical evidence showed that from 2019 on, Jones himself repeatedly denied shoulder pain, stiffness, and decreased range of motion. The ALJ reasonably found these repeated denials were "obviously incompatible with any chronic significant shoulder problem." (AR at 232.)  Again, Jones points to no medical evidence to the contrary.

Second, Jones argues that the ALJ did not properly consider his foot pain. The ALJ did consider the "residual effects of trans-metatarsal amputation of right fourth and fifth toes" as severe impairments. (AR at 227.) Jones points out that he testified that he continues to have foot pain. However, in considering Jones's alleged symptoms, the ALJ correctly looked at "whether objective medical evidence confirms the severity of the alleged pain arising from the condition." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In discounting the foot pain, the ALJ noted that the record contained no evidence of "ongoing treatment for foot pain." (AR at 231.) Jones points to no objective medical evidence in the record that his foot pain renders him unable to do any work activities.

Finally, Jones argues that the ALJ erred in disregarding the opinion of his treating APRN Shira Hughes, who opined that Jones could sit for eight hours total per day, but could not stand, walk, or lift any weight; that he was in a "non-weightbearing status" and required six to eight hours of bedrest each day; and that, due to neuropathy and weakness in both upper extremities, he was unable to do any fine manipulation, writing, typing, or grasping objects. (AR at 851.) She further opined that he would be expected to be absent from work more than 10 times per month. (AR at 852.)

The ALJ found this opinion unpersuasive because 1) while Jones may have been non-weightbearing after his foot surgeries, there was no evidence in the record that he should continue to be in that status; 2) treating providers repeatedly noted that Jones had a normal gait

4

and intact sensation; and 3) there were no lifting limitations in the record. Further, as discussed, the ALJ found no evidence that would support that Jones had limitations on the use of his hands or shoulders. In his motion, Jones does not point to any evidence that would corroborate Hughes's opinion.

For all these reasons, the Court hereby ORDERS as follows:

1) Jones's motion for summary judgment (DE 10) is DENIED;

2) the Commissioner's motion for summary judgment (DE 14) is GRANTED; and

3) a judgment consistent with this opinion will be entered.

This 22nd day of March, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY